Ms. DelSole? DelSole. DelSole. Thank you. Good morning. May it please the Court. In this case, the taxpayer, Ms. Beard, and her now ex-husband, Mr. Keith, were assessed penalties under Section 6672 of the Internal Revenue Code because the company they operated and owned… I handle a whole group of these cases for a trial judge. In every single one of them, the treasurer says the president is responsible, and the president says the treasurer is responsible for not paying the taxes. That's just the way these cases go. Why isn't the government right to bring the parties together and make sure that they confront each other and that it has an opportunity to collect taxes from whoever is responsible? Well, I think that was the government's purpose here. Ms. Beard brought the suit in the Court of Federal Claims where Mr. Keith couldn't be joined. I understand that too. And so the government brought the suit in Texas with the idea that it should be able to bring them all together. And the question here is whether, you know, normally that was the practice prior to Section 6331I's enactment was that normally the refund suit where all parties couldn't be joined would be stayed in favor of the litigation where everybody's liability could be determined together. And I think the question here is whether 6331I changed that, and I think the statutory language on its face makes clear that that's not changed because the related proceeding applies to allow a suit like the Texas suit here to go forward. And I think if you look at the statutory language, what Section 6331I does in Paragraph 1 is to limit collection by levy of the refund suit plaintiff's tax liability during the refund suit. And then Paragraph 4 limits court proceedings for that collection, but it's subject to two exceptions, counterclaims and this related proceeding exception that's at issue here. And you're going to get us to proceeding relating to a proceeding, right? Yes. What can that possibly... As you read it, the rest of the statute doesn't have any meaning. Well, I don't think that's correct. There's always a proceeding related to a proceeding in your reading. Well, I think... So how do I read that exception to get... To have some meaning to stop some sort of court proceedings? Is that your question? Well, to allow... There's some sense in what you're saying and what I'm saying, get all the parties together. Well, the related proceeding... Get around the statutory language. Well, the related... First of all, you have to look at the exception that was carved out. And that says any suit relating to the refund suit, a proceeding... Obviously, the Texas suit is a proceeding. And the question is, does it relate to the refund suit? And I think clearly it does. The same material facts are going to be at issue. The same operation of the corporation is going to be at issue, et cetera. So it makes sense in terms of relating... And why is the statute here? Well, I think the statute... There will always be some relationship. Well, I think there's not exactly... I think there are types of cases that the lower courts that have disregarded the plain wording of the related proceeding exception have disregarded where a suit could be enjoined that wasn't a related proceeding. And I think those examples are set forth in our brief. And those are the types of cases that pertain more to collection directly. First of all, I suggest you slow down a little bit. Secondly, why doesn't I-4B govern here, which says, a levy proceeding prohibited by I-1 or may be enjoined by the court in which the proceeding under Paragraph 1 is brought. So why wasn't the Clamps court correct here in enjoining the proceedings in Texas? Well, I think because Paragraph 4A2I lists an exception to that rule. And Paragraph 4A2I says if the Texas suit relates to the refund suit, then it can't be enjoined. And I think these two types of suits the courts had described as related in cases like the Freeman case, which is cited in our brief, for example, and it was- These provisions are a mess. Well, I think it's- They constantly go in opposite directions and notwithstanding and accept. But the policy would seem to be when a proceeding is being conducted, say, in the Clamps court, that you not go after the same person in another court. Well, I think the related proceedings exception was designed to carve out this kind of situation where you had a case with all the parties and all the same issues in another court and to allow that to go forward, and I think- But then you would have dual litigation. Well- You would have it going forward against the spirit in the CFC and going forward against the spirit in the district court. Well, I think the practice had always been in the courts and would continue to be that one court would defer, you know, if the one court would defer to each other and wherever judicial economy was favored, then that suit would go forward, and that was the common practice prior to the statute. And I think- I'd like to get to Judge Rader's question, which I think goes to, well, if this is a related proceeding and the Texas suit can go forward, then what does the statute actually allow in joining? And I think there are a number of types of proceedings that pertain just to collection that we discussed in our brief, things like a fraudulent conveyance, an action that was trying to keep the taxpayer from transferring assets out of the jurisdiction. And these go really just to collection, and they don't raise the same legal issues. So I think that for that reason, those types of proceedings wouldn't be- When we're talking about these divisible taxes, those are the employment excise taxes, right? That's correct. The issue is going to almost always be exactly what we just talked about. The president says he didn't do it, and the treasurer says he didn't do it, or she in this case. Well, for example, if before the refund suit was filed, the assessment's been made, the IRS has- So all those other exceptions that you're talking about are pretty meaningless. They are not the issue. Well, no, I think they are what Congress was trying to stop while the liability was being determined. I mean, I think, for example, if there was already a suit pending to foreclose the federal tax lien based on the assessment against the refund suit plaintiff, the statute says that suit has to stop while we determine the liability. That's the number one thing. Well, I think that the idea is that the things that were aimed at collection, if there was a collection suit and a very true collection suit that was just aimed at collection already pending when the refund suit was brought, which you could certainly have. You could have levies already in place before the bar 6331I comes down by virtue of filing the refund suit, and what paragraph 4 is trying to do is to say those sorts of collection actions in court have to stop. Well, the legislative history says this proceeding against-related to a proceeding just means third parties. Well, Your Honor- Somebody other than Mr. Keith and Ms. Beard. Your Honor, I don't think that's anywhere in the statute itself, and I think you have to start as a matter of legislative history with the plain language of the statute, and I think when you look at the plain language of the statute, paragraph 4 defines what kinds of proceedings can go forward, or which kind of proceedings are barred in terms of what paragraph 1 limits, and paragraph 1 very clearly on its face just limits collection from the refund suit plaintiff for her own liability for the penalty assessed against her, and it only extends so far as the refund suit would have a ratio decada or collateral estoppel effect, and so paragraph 4 is defined in terms of paragraph 1, so I think before you even get to the related proceedings exception, you have a situation where there could be no restriction on a suit against a third party anyway, and so if that's all the related proceedings exception does, then that exception would itself be meaningless, and it would render part of the statutory language meaningless. So you agree that Ms. Beard would fall within I but for the exception carved out of number 4. There's nothing about I in and of itself that causes you to say we can sue her and text her. There's nothing about I except for the exception. Wait, do you agree that if 4 didn't exist, if there were no exceptions to I, that you would not be able to bring the suit against Ms. Beard in Texas? Just to clarify your question, Your Honor, I think Ms. Beard, I think your question is does the whole paragraph 4 mean that, but for the whole paragraph 4 or paragraph number 4, if only thing that existed was to I, would you agree that you cannot bring this suit against Ms. Beard? Well, I think 2I is what lets us bring the suit against her. No, 2I says in general no levy may be made under subsection A on property rights of any person with respect to unpaid visible taxes during the pendency of any proceeding brought by such person in the proper federal trial court. So I thought 2… Oh, I'm sorry, Your Honor, I was looking at… You're looking at the opposite thing? I'm looking at paragraph A2I rather than B2I. Okay. So I think B2I says that you can't bring any, you can join… in a separate place if there's already a suit going on in the court of federal claim. You can't levy her at all, period. I mean we don't dispute that we couldn't levy against her, period. Do you agree that under 2I, that we were just talking about… Under BI. Yes, BI, that she, you could not be bringing, you could bring the suit against Mr. Keyes in Texas, but you could not bring the suit against Ms. Beard in Texas? Well, I think, except for the exception parked out in 4, your entire case, it seems to me, hinges on the related proceeding line, which I just want to make sure, I want to make sure I'm not misunderstanding. If you've made additional arguments, like she also, for example, if you're saying this is also not an unpaid divisible taxid issue, which I don't think you are. I don't think we are, no. I just want to make sure I understand exactly what your argument is. I think I'm a little confused. I'm not trying to trick you. Yeah, I'm a little confused because as you go through paragraph 63, already through paragraph 1, paragraph 3, there are exceptions under 3B for the levy, for certain levies that the subsection doesn't apply to. None of that is divisible. Okay. So I was confused, but I think. I wouldn't ask you about something now. Okay. So you're asking. The one I and then 4, the exception to it, right? Right. I mean, those are the two things at issue. So if we focus on I, I want to make sure I understand the government's position is that if I existed, that Ms. Beard, they could not proceed with this case against Ms. Beard in Texas, and that the only reason that you're saying you can is because of an exception carved out in number 4. Yes, that's the only reason we raised in this appeal, Your Honor. I think there were some additional arguments raised below that we haven't pursued an appeal, and I think our position is that because this related proceedings exception plainly encompasses the type of suit here, but it swallows I. That's your problem. I mean, if I say related proceeding also allows you to sue Ms. Beard in Texas, it swallows up I entirely. Well, I think what Congress was trying to do is to make sure that taxpayers got their day in court before any collection actions took place, and I think when you look at these types, if you look at, Your Honor, the example, it seems quite clear to me what Congress was trying to do here, which is discussed in both the Senate and the House report, is to prevent the government from initiating related claims against the same person in multiple courts. They're trying to protect the taxpayer from having multiple people go forward in multiple courts. Well, I don't think it says anything about suits for determining liability in multiple courts in the statute itself, and I think the statute carves out these related proceedings, and I don't see what a related proceeding could be but possibly a proceeding in another court. How about a case against Mr. Keyes? Just like the fact that Judge Rader put forth, which I probably agree with him, is the most likely candidate, right? You've got two people in the company going like this, and one of them has brought the suit in the CFC. Why isn't the related proceeding going after the exact same pot of money but saying Mr. Keyes owes it? Well, I think, Your Honor, the crucial thing is nothing in 6331I prohibits the suit against Mr. Keyes in the first place. So if that's all Congress meant, they didn't need this related proceeding exception. That language is completely perfect. What about going after taxes from other assessment periods that weren't included in her case? Again, the Unico case addressed this specifically in the Court of Federal Claims, and in that case the court said 6331I doesn't pertain to periods that are not in the refund suit. And so before you even get to the related proceedings exception, there's nothing in the statute that would preclude those sorts of actions from going forward anyway. So if you're going to give any meaning at all to the statute, it has to be to allow this type of suit to determine liability of all parties in one place to go forward. Otherwise, you're leaving a part of the statute completely superfluous. And I think to say something that involves the exact same issues like the Texas suit is a related suit, and a suit that has to do with whether a lien was properly filed or not, like a lien for foreclosure action might involve, are different, and the first would be related, and the second would not be. What about that House report that says the government can institute a counterclaim or, quote, initiate related claims against other persons? Penalties under 6672 for the same employment taxes. Well, Your Honor, I think that... At the time, were they met by related claims? I think that sentence, first of all, given that you'd be leaving part of the statute superfluous, it doesn't make sense to look at this, I think, rather murky legislative history when the statute itself indicates that this is a related proceeding. But I think... How does the statute indicate this is a related proceeding? The statute uses the words related proceeding without any explanation of what those words mean. But certainly... How in the world does the statute clearly define that as a suit against Ms. Beard? Well, to address your first question, I think with respect to the legislative history, I don't think they're defining in that sentence you've discussed what a related proceeding is, because that sentence talks about counterclaims which are carved out in paragraph I, just above 2i, the related proceedings exception. Yeah, it's part of the counterclaims, or initiate related claims against other persons. So it's talking about what the statute generally, overall, would allow to go forward, not what the related proceedings exception means. And I think the juxtaposition to the prior sentence does make it confusing. But I don't think... I mean, I think it can't be defining related proceedings, or it wouldn't have included counterclaims there. And I think, just going back to the statutory language, I think if you take what the Unico court said about... And just looking through the statutory language, there's nothing that precludes a suit against the third party in the first instance. And there's really no way that you can say that the Texas suit is not related to the Court of Federal Claims suit, whereas it could say... Thank you, Ms. Hillipal. I believe we've exhausted your time. Mr. Katz? May it please the Court? Prior to 1998, the government would routinely engage in these kind of lawsuits. The taxpayer would file a refund suit in one court on one of these 6672 assessments. The government, having assessed other people, would then sue them in the other court, and then they would ask the first court to stay its proceedings. It made little sense, didn't it? It made some sense, but in the restructuring... Nobody was being required to litigate in two courts. They just went to the one court where both parties were present, and you got a result. Yes, Judge, but it was unfair. Congress perceived it unfair to the plaintiff who went first, because that person went first, brought the case first, has the choice of the forum going first, and felt it was abusive to drag him or her back to this other court. The 1998 IRS restructuring... How do we avoid the problem now of... Ms. Beard is going to say in her suit, oh, it was Keith, and Keith then texts us a couple of months later, will say, oh, no, no, no, it was Beard. Well, in this case, that's not actually an issue, because Mr. Keith has conceded in his deposition that he's not disputing his liability in the other case. He's conceded that already. And that gets to the government's secondary argument that they're asking this court to stay the claims court rather than send it back. That would be inappropriate, because there's been all these developments since the motion was granted. As a practical matter, they're both liable, aren't they? That's the law. My client, Your Honor, is not liable, but Mr. Keith definitely is liable. But if Mr. Keith has conceded liability... Actually, I'm not sure what you'll... That will be litigated later, but... He won't litigate it, because he's going to concede the case, but that's really besides the point. Multiple persons can be liable for the same tax under 6670. That's exactly what happens in these cases. And the corporation can still be liable. Yes. And in 1998, Congress passed this IRS Restructure and Reform Act, and that act was directed to deal with a whole panoply of perceived abuses of the IRS. One problem was that the IRS, in these situations, even though it has a policy that it would not levy, would not seize the taxpayer's assets while the taxpayer has one of these refund suits, sometimes the IRS would go ahead and seize. So Congress passed the first part of 6331, saying if one taxpayer brings a suit, you cannot go and levy on them. Even though that was in their policy, they've said, you're forbidden. Then they also said they didn't like, the IRS did not like one taxpayer going first and having his or her first choice of courts first, and then having the IRS drag them in somewhere else to a court that may be inconvenient the government may prefer. The issues about pointing back and forth are really... The government makes a great deal about them, but you get depositions in these cases. They're going to testify in both these cases. It's pretty theoretical that you're going to have many inconsistent verdicts in these cases. But in any event, Congress said no, and Congress passed the statute saying no proceeding in court for the collection of any unpaid tax, any one of these unpaid taxes, divisible taxes, during the penalty... You meant the language addressed the proceeding related to a proceeding. Well, the government's interpretation is that statute means only that if a taxpayer brings a refund suit, the first part means the government may not, is forbidden from suing that taxpayer. The government may not sue that taxpayer. That's what the government's theory is. And then the government says, and by the way, we can actually sue that taxpayer anywhere we want, anytime we want, in any court we want. It makes no sense. Their interpretation makes absolutely no sense. Proceeding... The first exception is counterclaim. If they didn't have counterclaim, the government couldn't counterclaim against the taxpayer in the court of federal claims. It did, and that's proper, because the counterclaim exception allows that. The other suits, the legislative history clearly means, and Congress clearly wanted to allow them to sue Mr. Keith in another court, or perhaps the company. The company might have some assets left, or might have some potential to collect, perhaps. I've never seen that in one of these cases. That's why they're here, isn't it? It's usually because they're exhausted. There are remedies against it. We know what's going on. But, Your Honor, really, I have just a great deal of difficulty understanding the government's interpretation of the statute and the legislative history. The legislative history, as the court recognizes, is absolutely clear. The paragraph we're talking about starts out with, The conferees wish to clarify that proceedings relating to a proceeding under this provision include, and they give examples, and they say, for example, for example, of the proceedings related to a proceeding, for example, this includes suits against other responsible persons. So, unless the court has any further questions, I'm complete. No, thank you. Thank you. I have a few minutes for revision. The soul will give you a minute. Your time has expired. Thank you, Your Honor. I'd just like to emphasize that nothing in the legislative history said this was about a forum-choosing issue. Congress's concern was that taxpayers have a pre-collection chance to have their liability determined, and letting the Texas suit go forward allows that. And I think, I just emphasize, there's nothing on the face of this statute. If you look at statutory language as a starting point, there's nothing that suggests that third parties would be restricted in the first place. There's nothing that suggests that the related proceeding pertains to just claims against third parties. And I think our statutory construction rule is to look at the plain language of the statute, and there's just no way you can say that the Texas suit doesn't relate to the refund suit. And I think if you look more carefully at the examples in our brief of the types of actions that could be enjoined, and the difference between what the issues are in those types of actions and the Texas suit, it's apparent that those are not proceedings related to the refund suit, so the statute as a whole does have meaning if you adopt the government interpretation. Thank you very much. Thank you.